Richard **HIGGINS** and Stephen O. Holleman, Appellants,

v.

James Max **SMITH**, Appellee.

No. B14–86–524–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1987.

Norwood J. Ruiz, Michael D. Miller, Galveston, for appellants.

Gerson D. Bloom, Galveston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal by writ of error from a default judgment awarding Appellee damages for breach of an oral contract for a loan plus attorney's fees. We reverse the judgment of the trial court and remand for a trial limited to the issue of damages.

Appellee, James Max Smith, alleged that he loaned Appellants, Richard Higgins and Stephen O. Holleman, five thousand five hundred dollars to help them keep their liquor store business in operation and out of bankruptcy. The loan was made four hundred dollars in cash and the remainder by checks written over a three month period, from July to September 1985. Appellants promised to repay the loan "in a timely manner" but failed to repay any portion of the debt although requested to do so by Appellee.

Appellee filed suit on October 28, 1985, and Appellants were both properly served with citation on October 31, 1985. When it appeared that Appellants were liquidating their assets the trial court issued a writ of attachment for seven thousand five hundred dollars worth of Appellants' property. Neither Appellant filed an answer or appeared at trial and on December 16, 1985, a default judgment was entered against Appellants jointly and severally for five thousand five hundred dollars in damages plus two thousand dollars in attorney's fees. No evidence was presented to the court in support of the judgment. Appellants filed this petition for writ of error on June 13, 1986.

We first note that Appellants attached to their appellate brief the affidavit of the court reporter and a stipulation signed by the attorneys for both parties that at the time the default judgment was taken, December 16, 1985, no evidence was presented to the court in support of the judgment. This procedure does not comply with the Texas Rules of Appellate Procedure. However, the facts contained in these documents are still before this court as uncontroverted facts in Appellants' brief. Tex.R.

App.P. 74(f) (previously Tex.R.Civ.P. 419). Appellee's assertion that a statement of facts was considered by the trial court refers to a statement of facts taken on October 31, 1985, at the hearing on the application for a writ of attachment. No evidence was adduced at that hearing regarding the damages claimed by Appellee.

■ Appellants assert four points of error. In points of error one and two Appellants contend that the trial court erred in entering judgment without hearing evidence as to damages or the proper amount to be awarded as a reasonable attorney's fee. Rule 241 of the Texas Rules of Civil Procedure allows the trial court to assess the amount of damages to be awarded in a judgment by default when "the claim is liquidated and proved by an instrument in writing." Tex.R.Civ.P. 241. However, Rule 243 provides in pertinent part that, "If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefore." Tex.R.Civ.P. 243. A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the allegations in the plaintiff's petition *and* the instrument in writing. *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406, 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). The "instrument in writing" asserted by Appellee consists of a photostatic copy of the front sides of four checks executed by Mr. Smith and one check executed by Mr. Stephen Holleman. The first check, dated July 5, 1985, was made payable to Richard Higgins in the amount of fifteen hundred dollars. It bears the notation "loan" in the left corner and was stamped paid by the drawee bank. The second check was made out to Stephen Holleman for five hundred dollars and is also stamped paid. The third and fourth checks, for one hundred dollars and three thousand dollars, respectively, are made payable to Richard Higgins and stamped paid. The fifth check is made payable to Max Smith for seven hundred and thirty-five dollars and is drawn on the account of Stephen O. Holleman. It is dated September 15, 1985, and is stamped "returned not paid because account closed." No instrument of any kind is included with reference to the four hundred dollars in cash paid by Appellee. We find these checks entirely insufficient to constitute a proper instrument in writing under Rule 241 to support the judgment rendered by the trial court as to the amount of damages. Only the first check contains any reference to a loan. There is no indication even on this check of the parties to the loan, the date for repayment of the loan, or the terms of repayment. The other checks bear no indication of the reason for payment. In addition, the checks are all made payable to one or the other of the Appellants individually rather than to the partnership business or to Appellants as joint payees.

■ We also find that the petition does not state a liquidated claim as required under Rule 241. There was no allegation of the terms of the loan, the terms for repayment, when repayment was due, or when Appellee made a demand for repayment. The petition contained only conclusory allegations that the loan was made by Appellee, that Appellants promised to repay the debt and thereby became bound to repay Appellee and, that Appellants have failed to pay the amount due although they have been requested to do so. Such conclusory allegations are insufficient to state a liquidated claim. *Burrows v. Bowden*, 564 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1978, no writ); *C & H Transportation Company v. Wright*, 396 S.W.2d 443 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r. e.). Both because the claim was unliquidated and because it was not properly proved by an instrument in writing the trial court erred in assessing damages without hearing evidence proving those damages as required by Rule 243. Point of error one is sustained.

■ We further hold that the trial court erred in awarding the two thousand dollars in attorney's fees. A demand for reasonable attorney's fees is a claim for unliquidated damages and their award must be

based upon evidence in support of the pleadings. *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283, 287 (Tex.App.—Dallas 1983, no writ); *Watson v. Sheppard Federal Credit Union*, 589 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). Testimony should be given regarding the hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney and the prevailing hourly rates. *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d at 288. Rule 243 therefore requires evidence to be heard on the amount to be awarded as attorney's fees in this default judgment. We sustain Appellants' second point of error.

In point of error three, Appellants contend that Appellee is not entitled to an award of attorney's fees as a matter of law because his cause of action is not for a claim listed in § 38.001 of the Texas Civil Practice and Remedies Code. We disagree with Appellants' contention.

■ Texas Civil Practice and Remedies Code, § 38.001 provides in pertinent part that:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

\*    \*    \*    \*    \*    \*

(8) an oral or written contract.

Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1985). We hold that the claim stated is based upon an oral contract for a loan. Therefore, Appellee may recover reasonable attorney's fees under § 38.-001(8). Appellant's third point of error is overruled.

■ In their final point of error, Appellants argue that because evidence was not presented to support the allegation of a joint and several indebtedness owed by Appellants to Appellee the petition "discloses the invalidity of the claim asserted" and thus the trial court erred in granting the default judgment. However, it is not necessary for a petition to plead the evidence upon which the plaintiff relies to establish his cause of action in order to support the default judgment. *Roberts v. Roberts*, 621 S.W.2d 835, 837 (Tex.App.—Waco 1981, no writ). A petition sufficiently states a cause of action if the court may ascertain from the pleadings the elements of the cause of action and relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979).

Appellee's petition alleges that Appellee loaned five thousand five hundred dollars to Appellants and that they promised to repay this indebtedness but have not repaid any amount. The prayer is for the full amount of the debt, attorney's fees, costs and interest.

■ We hold that these allegations are sufficient to state a cause of action for breach of an oral contract for a loan. The Appellee has alleged a claim upon which substantive law may grant relief with sufficient particularity to give Appellants fair notice of the basis of the claim involved. In the absence of special exceptions this is all that is required. *Naficy v. Braker*, 642 S.W.2d 282 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Appellants' fourth point of error is overruled.

The judgment of the trial court is reversed and the cause remanded for a trial limited to the issue of damages.