Guadalupe G. (Marquez) GOUDEAU,
Appellant,

v.

Willie M. MARQUEZ, Jr., Appellee.

No. 01–90–01065–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 23, 1992.

Janiece E. Horn, Robert T. Warhola, Houston, for appellant.

Stephen Lekas, Houston, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

Appellant Guadalupe G. Goudeau (Goudeau), formerly Guadalupe G. Marquez, appeals the portion of a judgment of contempt against her former husband that denies Goudeau's recovery of attorney's fees. We reform the judgment to include $790 in attorney's fees and affirm.

A divorce decree, entered on July 1, 1985, dissolved the marriage. Goudeau was named managing conservator of the couple's child and Willie M. Marquez, Jr. (Marquez) was ordered to pay $50 per week for child support. On May 24, 1990, Goudeau brought an action for enforcement of the child support order. On July 5, 1990, after a hearing, the trial court ordered Marquez held in contempt for failure to pay child support, found an arrearage of $1,280 in unpaid child support, ordered withholding from Marquez' earnings by Marquez' employer, and ordered Marquez to pay court costs. The order did not, however, award attorney's fees to Goudeau.

Subchapter B of the Texas Family Code is entitled "Enforcement of Court Orders for Child Support and Possession of and

Access to a Child." Sections 14.30 through 14.51, contained in subchapter B, cover all aspects of enforcing child support orders. Section 14.33, "Order of Court," concerns the contents of an enforcement order, the award of attorney's fees and court costs, when the obligor *must* pay attorney's fees, and when an exception may be made, as well as remedies available when the obligor is not in contempt. TEX.FAM.CODE ANN. § 14.33 (Vernon Supp.1992). Section 14.-33(c) provides:

> (c) Obligor to Pay Attorney's Fees and Costs; Exception. If the court finds that an obligor has failed or refused to make child support payments that were past due and owing at the time of the filing of the enforcement proceeding, the court shall order the obligor to pay the movant's *reasonable* attorney's fees and all court costs in addition to any amounts past due, unless the court makes a specific finding that the attorney's fees and costs need not be paid by the obligor and states the reasons supporting that finding.

TEX.FAM.CODE ANN. § 14.33(c) (Vernon Supp.1992) (emphasis added).

 Section 14.33(c) was added to the Family Code in 1987.[1] The provision requires the trial court to impose attorney's fees and court costs, provided they are reasonable, absent a specific finding that the respondent need not pay the attorney's fees or court costs. *Gross v. Gross,* 808 S.W.2d 215, 222 (Tex.App.—Houston [14th Dist.] 1991, no writ). The provision is mandatory. *Arnold v. Pitts,* 777 S.W.2d 773, 776 (Tex.App.—Beaumont 1989, no writ).

In point of error two, Goudeau asserts the trial court erred in failing to assess attorney's fees without a specific finding, supported by specific reasons, for its failure to do so.

At the contempt hearing, Robert Warhola, an attorney with the Harris County Domestic Relations Office, represented Goudeau and testified concerning the attorney's fees incurred in the representation of Goudeau for the enforcement action, exclusive of the hearing itself. Each time Gou-

deau's attorney tried to present the attorney's fee evidence, opposing counsel objected that the proper predicate had not been presented. The trial court sustained the objection each time.

The trial court signed findings of fact and conclusions of law, which state in part:

### FINDINGS OF FACT

4. The movant Guadalupe G. Marquez through her attorney, continually requested attorney fees, but failed to lay the proper predicate. Each time, the respondent, through his attorney, promptly objected. The Court sustained each objection.

### CONCLUSIONS OF LAW

6. Since no admissible evidence of attorney fees was presented to the Court, attorney fees were not awarded to the movant.

The trial court made specific findings, supported by specific reasons. We overrule point of error two.

In her third point of error, Goudeau asserts the trial court erred in sustaining a general objection to the predicate laid for the attorney's fee testimony. Appellant complains about the following:

> [By Appellant's Counsel]: My name is Robert Warhola. I work for the Domestic Relations office. I am an attorney licensed to practice law in Texas. The Movant in this case requested that the Domestic Relations Office represent her in this action. We have an hourly charge of $100, this includes telephone conversations, drafting of pleadings, appearances, waiting for Respondent's attorney to appear at docket call. Additionally, there are court costs that have been incurred. The court costs are $106. The attorney's fees total $790, exclusive of this hearing. We ask that the Court order the Respondent to pay the attorney fees and court costs directly to the Harris County Domestic Relations Office.

1. Act of July 20, 1987, 70th Leg., 2nd C.S., ch. 73, § 7, 1987 Tex.Gen.Laws 224, 229.

MR. LEKAS: I object to the improper predicate on attorney fees.

THE COURT: Sustained. You want to restate it, sir?

MR. WARHOLA: Yes, sir. Your Honor, I have a shorthand rendition of the attorney fees.

MR. LEKAS: I object, that's an improper predicate.

THE COURT: Overruled.

The exhibit was marked Movant's No. 3, and offered into evidence.

MR. WARHOLA: I offer Movant's Exhibit No. 3 into evidence. Your Honor, Movant's Exhibit No. 3 is an exhibit that outlines charges incurred in this case. These are reasonable and necessary charges for this type of case in Harris County, Texas, and I offer it into evidence.

MR. LEKAS: I object to the improper predicate.

THE COURT: Sustained.

MR. WARHOLA: The attorney fees represent 7.9 hours. We charge $100 per hour. Shall I go through each—

MR. LEKAS: I object; that's an improper predicate.

THE COURT: Sustained.

THE COURT: Do you rest, counsel?

MR. WARHOLA: No, sir, not yet.

THE COURT: You have about two seconds.

MR. WARHOLA: Your Honor, we have 7.9 hours in this case. Our charge is one hundred dollars per hour. One hundred dollars per hour is a reasonable charge in Harris County, Texas. The 7.9 hours constitute preparation for this case, conference with the Movant, appearances in court, drafting the pleadings. We're asking the Court to award $790 in attorney fees.

MR. LEKAS: I object to the improper predicate.

THE COURT: Sustained.

The trial court, at that point, told the Respondent to call his first witness.

The Harris County Domestic Relations Office was formed pursuant to the authority granted by TEX.HUM.RES.CODE ANN.

§ 152.1075 (Vernon 1990). Subsection (d) specifically provides: "The office may assess and collect reasonable attorney's fees incurred or ordered by the court and taxed as costs in a proceeding."

The family trial courts of this State have wide discretion in awarding attorney's fees. *Marichal v. Marichal*, 768 S.W.2d 383, 385 (Tex.App.—Houston [14th Dist.] 1989, writ denied). An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970).

■ Testimony in a lawsuit comes from witnesses, who, under the sanction of an oath, relate facts within their knowledge. *Bloom v. Bloom*, 767 S.W.2d 463, 470 (Tex. App.—San Antonio 1989, writ denied). Sworn testimony from an attorney representing a party in the suit, concerning an award of attorney's fees, whether in support of or in contradiction of an amount claimed to be reasonable, is considered competent expert testimony. *See Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 148 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Gifford v. Old Republic Ins. Co.*, 613 S.W.2d 43, 46 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

■ In support of a request for reasonable attorneys' fees, testimony should be given regarding the hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney, and the prevailing hourly rates. *Higgins v. Smith*, 722 S.W.2d 825, 828 (Tex.App.— Houston [14th Dist.] 1987, no writ). A proper predicate is laid when a party pleads for reasonable attorney's fees and its attorney testifies to his or her employment for the case, the time expended, and what a fair and reasonable attorney's fee would be in a suit of this nature in Harris County, Texas. *Chess v. Chess*, 627 S.W.2d 513, 516 (Tex.App.—Corpus Christi 1982, no writ); *Anderson v. Anderson*, 707 S.W.2d 166, 170 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

■ Goudeau's attorney testified that he was an attorney, licensed to practice law in the State of Texas; that Goudeau had requested his agency to represent her in this action; that the agency's usual attorney fee is $100 an hour; that the fee in this case was $790 because they had spent 7.9 hours on the case, and that the charges were reasonable and necessary for this type of case in Harris County. Based on this evidence, Goudeau was entitled to an award of attorney's fees. We hold the trial court erred in sustaining the "lack of proper predicate" objection. We sustain point of error three.[2]

As in *Ragsdale v. Progressive Voter's League,* 801 S.W.2d 880, 882 (Tex.1990), Goudeau's attorney testified about the time involved, the nature of the services that were rendered, and the reasonableness of the fees charged. This evidence is uncontroverted. As was done in *Ragsdale,* we hold the evidence is clear, direct and positive, and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate otherwise. In the interest of judicial economy, we reform the trial court's judgment to include attorney's fees of $790 for Goudeau. We affirm the judgment as reformed.

WILSON, J., concurs without opinion.

---

2. It is unnecessary to address Goudeau's remaining four points of error, and we decline to do so.