In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00030-CV
______________________________


 
IN THE MATTER OF THE 
ESTATE OF GLADYS M. TAYLOR, DECEASED
 


                                              

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 15,226


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Charles M. Taylor, Jane M. Taylor, and Robert G. Taylor, appellants, have filed a motion to
dismiss their appeal. Pursuant to Tex. R. App. P. 42.1, the motion is granted.
            We dismiss the appeal.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 25, 2005
Date Decided:             April 26, 2005



a>Justice Carter


MEMORANDUM OPINION

            Mary Jones, the former spouse of Ivan Jones, appeals from a judgment modifying and
lowering the child support obligations of Ivan Jones. She contends the trial court erred in several
respects, first arguing that the parties actually had a full compromised agreement that the court did
not apply and that, therefore, the court should not have directed her to pay Ivan's attorney's fees. As
a part of those contentions, she also asserts that she was entitled to have a jury decide whether a
settlement had been reached and that portions of the proceedings were not accurately recorded.
            Ivan Jones and Mary Jones divorced January 29, 1997. There were two children, and Ivan,
who was employed in a local school system, was directed to pay child support. Ivan filed a motion
to modify in January 2004 and filed a supplemental motion in June 2004, in which he sought to
reduce his child support obligations because he had been diagnosed with A.L.S.


 and was forced to
retire. (Mary is also getting a percentage of his retirement income.)


 Ivan stated in his supplemental
motion he had attempted to settle the matter without litigation, but had been unable to do so, and also
asked for attorney's fees.



            The trial court lowered child support to $647.15 per month and awarded attorney's fees to
Ivan, payable by Mary, in the amount of $2,248.00 for legal services rendered in relation to the child
support issue.
            Mary contends on appeal that the trial court erred by rendering this judgment because the
issue of child support was compromised and settled. There is nothing in the record to support that
position. There is no testimony to that effect, although Mary's attorney stated that there was an offer
that was made and accepted, but that counsel for Ivan had not implemented the order. However,
there is no written document in this record supporting that position, and counsel does not direct us
to any location in the record providing proof that an agreement existed.


 
            Mary suggests that the trial court erred by refusing to admit documents into evidence that
would have supported her position. We review a trial court's rulings in admitting or excluding
evidence under an abuse of discretion standard. Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525,
527–28 (Tex. 2000). 
            However, those documents do not appear in our record in any form, were not offered as part
of a bill of exceptions, and there was no effort made to make the documents part of the appellate
record. In the absence of any evidence to support this contention, we cannot conclude the trial court
erred either by failing to admit documents into evidence or failing to enforce some written agreement
between the parties. 
            Further, even if the documents were admissible, and if the trial court abused its discretion
by failing to admit them, without those documents, we could not conduct a harm analysis to
determine whether reversible error has been shown. See Tex. R. App. P. 44.1(a). The contention
of error is overruled.
            Mary next contends the trial court committed reversible error by failing to empanel a jury to
hear testimony on the existence of a settlement agreement. The record does not show that Mary
made the required written request for a jury. When counsel asked the court to empanel a jury, the
court could find no request for a jury in its file. Under this record, and without addressing the issue
of whether Mary was entitled to a jury on this matter, we must conclude she did not make a written
request for a jury as is explicitly required by Tex. R. Civ. P. 216. The contention of error is
overruled.
            Mary next contends the court should not have awarded attorney's fees because the matter had
been fully compromised and settled. She argues that a final order had been agreed to by the parties,
but that Ivan's counsel refused to present the order to the court. As previously discussed, the record
contains no agreement, and there was no conclusive evidence that one existed. Under such
circumstances, the court had the discretion to determine whether to award attorney's fees to counsel. 
Tex. Fam. Code Ann. § 106.002 (Vernon Supp. 2004–2005).
            The Texas Family Code also provides that reasonable attorney's fees may be awarded. 
Counsel argues on appeal that the amount was improper because there was no documentary evidence
supporting the amount of time allegedly expended. She further argues that equity demands that,
under these circumstances, Ivan's estate should be required to pay the fees because it has more
resources available than she does. 
            In family law cases, the trial court has broad discretion in awarding attorney's fees,
particularly in those matters involving the parent-child relationship. Id.; Bruni v. Bruni, 924 S.W.2d
366, 368 (Tex. 1996). The award of attorney's fees must be supported by evidence. Thomas v.
Thomas, 895 S.W.2d 895, 898 (Tex. App.—Waco 1995, writ denied). To support a request for
reasonable attorney's fees, testimony should be given regarding the hours spent on the case, the
nature of preparation, complexity of the case, experience of the attorney, and the prevailing hourly
rates. Goudeau v. Marquez, 830 S.W.2d 681, 683 (Tex. App.—Houston [1st Dist.] 1992, no writ). 
Sworn testimony from an attorney concerning an award of attorney's fees is considered expert
testimony and will support an award. Hardin v. Hardin, 161 S.W.3d 14, 24 (Tex. App.—Houston
[14th Dist.] 2004, no pet.); Nguyen Ngoc Giao v. Smith & Lamm, P.C., 714 S.W.2d 144, 148 (Tex.
App.—Houston [1st Dist.] 1986, no writ). None of these cases, or any cases to which counsel has
directed this Court, suggest that documentary evidence is the only means by which attorney's fees
may be proven.
            In this case, counsel testified under oath that he had already expended 32.8 hours on the case,
that his hourly rate was reasonable at $155.00 per hour (totaling $5,084.00), and about the
difficulties he had faced in pursuing the case because of Mary's failure to appear at a deposition
despite a court order and her refusal to negotiate in good faith. The court awarded $2,248.00 as
attorney's fees. This is an amount within the discretionary authority of the court, and in light of the
testimony about the financial state of both families, we cannot conclude the trial court abused its
authority by so doing. The contention of error is overruled. 
            Mary finally contends that the trial court erred by failing to enter an order that referred to the
amount in which the court recognized that Ivan was delinquent on child support: approximately
$2,400.00. In effect, she argues that the final judgment does not accurately reflect the judgment as
announced from the bench. The record does not support this contention. The trial court did note that
there was an arrearage, and urged the parties to discuss it in the context of the attorney's fees, but did
not adjudge any particular result in that connection. Error has not been shown.
            Under that point of error, Mary also argues that the judgment is improper because it contains
lined-out language that was not initialed by any party. The judgment tendered to the court indicated
that Ivan had appeared to testify, when he was actually unable to do so because of his illness—his
wife appeared on his behalf. Mary also suggests that, in the absence of Ivan, there was no evidence
to support the verdict. Neither contention is supported by any authority, nor does it contain any
citation to the record to support the argument. We find no authority suggesting that only the party,
personally, may provide evidence in support of his or her position, or that without that party's
testimony, there is no evidence presented. Further, the fact that the trial court lined out a portion of
the judgment before signing it without then initialing the struck-out section is not improper.
            This Court has recently acknowledged that, although handwritten changes to contracts are
typically initialed to show acceptance by parties, and while initialing changes to a judgment would
be better practice, there is no requirement that edits to a court's judgment require any initials, even
when the judgment is based on an underlying agreement of the parties. In re Marriage of Jones, 154
S.W.3d 225, 229 (Tex. App.—Texarkana 2005, no pet.). The contentions of error are overruled.
            We affirm the judgment.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 6, 2005
Date Decided:             September 14, 2005