COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-347-CV
  
  
JUSTIN 
W. LOW                                                                    APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                              APPELLEE
  
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Justin 
W. Low appeals from the trial court’s order awarding the State attorney’s 
fees against him for discovery violations. In four issues, Low complains that 
the award is improper because he did not have notice of the hearing at which the 
fees were awarded, he had not received notice that such fees might be awarded 
against him personally, the evidence is insufficient to support the award, and 
the State’s motion to compel lacks a certificate of conference.  We will 
affirm.
        Low 
represented Marvel Murphy in the underlying forfeiture case.  During the 
discovery process, Murphy failed to respond timely to the State’s requests for 
admissions.  Several weeks after the responses were due, in August 2002, 
Low moved to set aside the now-deemed admissions, asserting that the discovery 
requests had been misfiled by a new employee in his office.  The State 
objected and asked the court to deny the motion because Murphy had failed to 
timely respond to the State’s discovery requests and had failed to show good 
cause for setting aside the deemed admissions. Low requested a hearing on the 
matter, but the record does not reflect whether the hearing was held or how the 
trial court resolved the matter.
        Several 
months later, on March 2, 2003, the State moved to compel answers to its 
discovery requests and to impose sanctions. The motion lacked a certificate of 
conference. After a continuance on March 27, 2003, the trial court held a 
telephone hearing on the State’s motion on April 17. The trial court gave 
Murphy until April 30 to fully respond to the State’s discovery requests and 
continued the hearing on the State’s motion to compel until May 30, 2003.
        Nothing 
was filed by April 30, and neither Low nor Murphy appeared at the May 30 
hearing. Consequently, the trial court ordered Low to pay the State $1050 in 
attorney’s fees for the time the State had spent attempting to compel 
discovery.[2]  Low filed a motion to set aside 
the fee award against him, which was overruled by operation of law.  This 
appeal followed.
        A 
trial court’s ruling on a motion for sanctions is reviewed under an abuse of 
discretion standard.[3]  To determine whether a 
trial court abused its discretion, we must decide whether the trial court acted 
without reference to any guiding rules or principles, in other words, whether 
the act was arbitrary or unreasonable.[4]  Merely 
because a trial court may decide a matter within its discretion in a different 
manner than an appellate court would in a similar circumstance does not 
demonstrate that an abuse of discretion has occurred.[5]
        An 
abuse of discretion does not occur where the trial court bases its decisions on 
conflicting evidence.[6]  Furthermore, an abuse 
of discretion does not occur as long as some evidence of substantive and 
probative character exists to support the trial court’s decision.[7]
        In 
his first issue, Low complains that the attorney’s fee award is improper 
because he did not have reasonable notice of the May 30 hearing at which the 
fees were awarded.
        Proceedings 
for sanctions must meet due process requirements, giving a person reasonable 
notice and an adequate opportunity to be heard.[8]  
Oral notice of a sanctions hearing is insufficient as a matter of law; written 
notice is required.[9]  Whether a person received 
sufficient notice is a fact issue, and the burden of proving lack of notice is 
on the party contesting the sanctions.[10]
        In 
this case, there is evidence in the record that Low received written notice of 
the May 30 hearing. First, the record contains an April 17 letter from Douglas 
Baker, the assistant district attorney, to Low, which purports to include a copy 
of the court’s order continuing the sanctions hearing. The letter was sent via 
facsimile and certified mail, return receipt requested. Further, Baker testified 
under oath that he sent the April 17 letter to Low “along with the Court’s 
written order.”  The record also contains a copy of the trial court’s 
written order, with the May 30 continuance date, which was signed and filed for 
record on April 17.  This evidence is sufficient to support the trial 
court’s finding in its sanctions order that Low received a conformed copy of 
the written order—with the May 30 hearing date—by certified mail.
        Low 
filed a motion to set aside the sanctions order to which he attached a faxed 
copy of the court’s order with a blank where the May 30 date should have 
been.  Although this is some evidence that Low did not receive notice of 
the May 30 date, a trial court does not abuse its discretion if it bases its 
decisions on conflicting evidence.[11]  
Accordingly, we hold that the trial court did not abuse its discretion by 
determining that Low had received written notice of the May 30 hearing 
date.  We overrule Low’s first issue.
        In 
his second issue, Low complains that the fee award against him is improper 
because he was not a party to the action and the motion to compel did not 
request the assessment of attorney’s fees against him.
        Motions 
to compel are governed by procedural rule 215.1, which provides, in pertinent 
part:
    
If 
the motion is granted, the court shall, after an opportunity for hearing, 
require a party . . . whose conduct necessitated the motion or the . . . 
attorney advising such conduct, or both of them to pay, at such time as 
ordered by the court, the moving party the reasonable expenses incurred in 
obtaining the order, including attorney fees . . . .[12]
 
 
Such 
sanctions are “automatic” unless the court finds that the opposition to the 
motion was substantially justified or that other circumstances make an award of 
expenses unjust.[13]
        As 
an attorney, Low is charged with knowledge of the rules of civil procedure.[14]  Therefore, Low had notice from rule 215.1(d) that 
the trial court could compensate the State for its attorney’s fees incurred in 
obtaining an order on its motion to compel by assessing those fees against Low 
as Murphy’s attorney.  Further, Low was given the opportunity for a 
hearing on May 30, although he did not attend the hearing.  Thus, we hold 
that the trial court did not abuse its discretion by assessing attorney’s fees 
against Low even though the State’s motion to compel did not expressly seek 
sanctions against him.  We overrule Low’s second issue.
        In 
his third issue, Low complains that the evidence does not support the fee award 
against him.  Low also asserts that the trial court made no inquiry 
regarding who the actual offender was.
        Rule 
215.2 requires that the trial court’s sanctions for discovery abuse be 
“just.”[15]  The supreme court has 
formulated a two-part test for determining whether sanctions are just.  
First, there must be a direct relationship between the offensive conduct and the 
sanction imposed.[16]  This prong requires the 
trial court to at least attempt to determine whether the offensive conduct is 
attributable to counsel, a party, or both; the sanctions imposed must relate 
directly to the abuse found.[17]  Second, the 
sanction must not be excessive; it should be no more severe than necessary to 
satisfy its legitimate purposes.[18]
        In 
this case, Baker testified regarding his difficulties in obtaining discovery 
responses from Low.  Baker explained how he had arranged with the 
prosecutor in another of Low’s cases for Low to be free to attend the April 17 
hearing and how Low had provided Baker incomplete and unsworn discovery 
responses on April 16.  Baker further testified that he had talked with Low 
on April 17 to explain exactly what additional information the State was seeking 
through its discovery requests and had sent Low a letter listing the 
information.  In addition, Baker stated that Low had agreed at the April 17 
hearing to provide the discovery by April 30,[19] but 
had not done so and had not called, faxed, or corresponded with Baker in any way 
since the April 17 hearing.
        Baker 
estimated that he had spent seven hours propounding discovery and attempting to 
obtain responses from Low, including his preparation for the May 30 
hearing.  The trial court sanctioned Low by ordering him to pay the State 
attorney’s fees for seven hours of time at $150 per hour, for a total of 
$1050.  The court found that the fees were reasonable and necessary under 
the circumstances of the case.
        This 
evidence is sufficient to establish a direct relationship between Low’s 
offensive conduct and the sanctions imposed against him and to show that the 
sanctions are not excessive.  Accordingly, we overrule Low’s third issue.
        In 
his final issue, Low complains that the trial court abused its discretion by 
awarding sanctions against him because the State’s motion to compel discovery 
is lacking a certificate of conference.
        The 
rules of civil procedure require a certificate of conference on all discovery 
motions or requests for hearings related to discovery.[20]  
The purpose of the rule is to ensure that parties cooperate during the discovery 
process and make reasonable efforts to resolve discovery disputes without the 
necessity of court intervention.[21]
        In 
this case, the trial court twice continued the hearing on the State’s motion, 
gave Low ample opportunity to respond to the State’s discovery requests, and 
only assessed sanctions after Low failed to provide the promised discovery by 
April 30 and failed to attend the May 30 hearing.  Therefore, the record 
shows that the State’s reasonable efforts to resolve the discovery dispute 
failed, and the trial court did not abuse its discretion by assessing sanctions 
against Low despite the lack of a certificate of conference on the motion to 
compel.  We overrule Low’s fourth issue and affirm the trial court’s 
judgment.
  
   
                                                                  PER 
CURIAM
  
  
  
PANEL 
F:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DELIVERED: 
May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court also assessed separate sanctions against Murphy for her part in 
the discovery abuse, but Murphy has not appealed those sanctions.
3.  
Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004).
4.  
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 476 U.S. 1159 (1986).
5.  
Id.
6.  
Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); see also Goode v. 
Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).
7.  
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).
8.  
In re Acceptance Ins. Co., 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 
2000, orig. proceeding).
9.  
Id.
10.  
See Valdez v. Valdez, 930 S.W.2d 725, 729 (Tex. App.—Houston [1st 
Dist.] 1996, no writ).
11.  
See Davis, 571 S.W.2d at 862.
12.  
Tex. R. Civ. P. 215.1(d) (emphasis 
supplied).
13.  
See id.; David Keltner, 2 Tex. 
Practice Guide: Discovery §§ 12.47–.49 (West 2004).
14.  
See Thompson v. Henderson, 45 S.W.3d 283, 290 (Tex. App.—Dallas 2001, 
pet. denied) (stating that an attorney is charged with knowledge of the law).
15.  
Tex. R. Civ. P. 215.2(b).
16.  
Transam. Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).  
The cases Low cites regarding attorney’s fees are inapposite because they do 
not involve the assessment of attorney’s fees as sanctions under rule 
215.  See, e.g., Goudeau v. Marquez, 830 S.W.2d 681, 682-84 (Tex. 
App.—Houston [1st Dist.] 1992, no writ) (attorney fees under family code); Higgins 
v. Smith, 722 S.W.2d 825, 827-28 (Tex. App.—Houston [14th Dist.] 1987, no 
writ) (attorney fees under Tex. R. Civ. 
P. 243); Hill v. Heritage Res., Inc., 964 S.W.2d 89, 143 (Tex. 
App.–El Paso 1997, pet. denied) (fee award under declaratory judgments act).
17.  
Transam. Nat. Gas Corp., 811 S.W.2d at 917.
18.  
Id.
19.  
The trial court also stated for the record that Low had agreed at the April 17 
hearing to provide the discovery by April 30.
20.  
See Tex. R. Civ. P. 191.2.
21.  
Id.; see also In re Alford Chevorlet-Geo, 997 S.W.2d 173, 184 (Tex. 
1999); In re Sears, Roebuck, & Co., 146 S.W.3d 328, 333 (Tex. 
App.—Beaumont 2004, no pet.); United Servs. Auto. Ass’n v. Thomas, 
893 S.W.2d 628, 628-29 (Tex. App.—Corpus Christi 1994, writ denied).