Low v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-347-CV

JUSTIN W. LOW APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Justin W. Low appeals from the trial court’s order awarding the State attorney’s fees against him for discovery violations.  In four issues, Low complains that the award is improper because he did not have notice of the hearing at which the fees were awarded, he had not received notice that such fees might be awarded against him personally, the evidence is insufficient to support the award, and the State’s motion to compel lacks a certificate of conference. We will affirm.

Low represented Marvel Murphy in the underlying forfeiture case.  
During the discovery process, Murphy failed to respond timely to the State’s requests for admissions.  Several weeks after the responses were due, in August 2002, Low moved to set aside the now-deemed admissions, asserting that the discovery requests had been misfiled by a new employee in his office. 
 The State objected and asked the court to deny the motion because Murphy had failed to timely respond to the State’s discovery requests and had failed to show good cause for setting aside the deemed admissions.  Low requested a hearing on the matter, but the record does not reflect whether the hearing was held or how the trial court resolved the matter.

Several months later, on March 2, 2003, the State moved to compel answers to its discovery requests and to impose sanctions. The motion lacked a certificate of conference.
  
After a continuance on March 27
, 2003, the trial court held a telephone hearing on the State’s motion on April 17
.  The trial court gave Murphy until April 30
 to fully respond to the State’s discovery requests and continued the hearing on the State’s motion to compel until May 30, 2003.

Nothing was filed by April 30, and
 neither Low nor Murphy appeared at the May 30
 hearing.  Consequently, the trial court ordered Low to pay the State $1050 in attorney’s fees for the time the State had spent attempting to compel discovery.
(footnote: 2)  Low filed a motion to set aside the fee award against him, which was overruled by operation of law.  This appeal followed.

A trial court’s ruling on a motion for sanctions is reviewed under an abuse of discretion standard.
(footnote: 3) 
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles, in other words, whether the act was arbitrary or unreasonable.
(footnote: 4)  
Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 5) 

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.
(footnote: 6) 
 Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.
(footnote: 7) 

In his first issue, Low complains that the attorney’s fee award is improper because he did not have reasonable notice of the May 30
 hearing at which the fees were awarded.

Proceedings for sanctions must meet due process requirements, giving a person reasonable notice and an adequate opportunity to be heard.
(footnote: 8) 
 Oral notice of a sanctions hearing is insufficient as a matter of law; written notice is required.
(footnote: 9)  Whether a person received sufficient notice is a fact issue, and the burden of proving lack of notice is on the party contesting the sanctions.
(footnote: 10) 

In this case, there is evidence in the record that Low received written notice of the May 30 hearing.  First, the record contains an April 17 letter from Douglas Baker, the assistant district attorney, to Low, which purports to include a copy of the court’s order continuing the sanctions hearing.  The letter was sent via facsimile and certified mail, return receipt requested.  Further, Baker 
testified under oath that he sent the April 17 letter to Low “along with the Court’s written order.”  The record also contains a copy of the trial court’s written order, with the May 30 continuance date, which was signed and filed for record on April 17.  This evidence is sufficient to support the trial court’s finding in its sanctions order 
that Low received a conformed copy of the written order—with the May 30 hearing date—by certified mail. 

Low filed a motion to set aside the sanctions order to which he attached a faxed copy of the court’s order with a blank where the May 30 date should have been.  Although this is some evidence that Low did not receive notice of the May 30 date, a trial court does not abuse its discretion if it bases its decisions on conflicting evidence.
(footnote: 11)  
Accordingly, we hold that the trial court did not abuse its discretion by determining that Low had received written notice of the May 30 hearing date.  We overrule Low’s first issue.

In his second issue, 
Low complains that the fee award against him is improper because he was not a party to the action and the motion to compel did not request the assessment of attorney’s fees against him. 

Motions to compel are governed by procedural rule 215.1, which provides, in pertinent part:

If the motion is granted, the court 
shall,
 after an opportunity for hearing, require a party . . . whose conduct necessitated the motion or 
the . . . attorney advising such conduct, or both of them to pay
, at such time as ordered by the court, the moving party the 
reasonable expenses incurred in obtaining the order, including attorney fees
 . . . .
(footnote: 12)

Such sanctions are “automatic” unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
(footnote: 13) 

As an attorney, Low is charged with knowledge of the rules of civil procedure.
(footnote: 14) 
 Therefore, Low had notice from rule 215.1(d) that the trial court could compensate the State for its attorney’s fees incurred in obtaining an order on its motion to compel by assessing those fees against Low as Murphy’s attorney.  Further, Low was given the opportunity for a hearing on May 30, although he did not attend the hearing.  Thus, we hold that the trial court did not abuse its discretion by assessing attorney’s fees against Low even though the State’s motion to compel did not expressly seek sanctions against him.  We overrule Low’s second issue.

In his third issue, Low complains that the evidence does not support the fee award against him.  Low also asserts that the trial court made no inquiry regarding who the actual offender was.

Rule 215.2
 
requires that the trial court’s sanctions for discovery abuse be “just.”
(footnote: 15)  The supreme court has formulated a two-part test for determining whether sanctions are just.  First, there must be a direct relationship between the offensive conduct and the sanction imposed.
(footnote: 16)  This prong requires the trial court to at least attempt to determine whether the offensive conduct is attributable to counsel, a party, or both; the sanctions imposed must relate directly to the abuse found.
(footnote: 17)  
Second, the sanction must not be excessive; it should be no more severe than necessary to satisfy its legitimate purposes.
(footnote: 18)
 In this case, Baker testified regarding his difficulties in obtaining discovery responses from Low.  Baker explained how he had arranged with the prosecutor in another of Low’s cases for Low to be free to attend the April 17 hearing and how Low had provided Baker incomplete and unsworn discovery responses on April 16.  Baker further testified that he had talked with Low on April 17 to explain exactly what additional information the State was seeking through its discovery requests and had sent Low a letter listing the information.  In addition, Baker stated that Low had agreed at the April 17 hearing to provide the discovery by April 30,
(footnote: 19) but had not done so and had not called, faxed, or corresponded with Baker in any way since the April 17 hearing.

Baker estimated that he had spent seven hours propounding discovery and attempting to obtain responses from Low, including his preparation for the May 30 hearing.  The trial court sanctioned Low by ordering him to pay the State attorney’s fees for seven hours of time at $150 per hour, for a total of $1050.  The court found that the fees were reasonable and necessary under the circumstances of the case. 

This evidence is sufficient to establish a direct relationship between Low’s offensive conduct and the sanctions imposed against him and to show that the sanctions are not excessive.  Accordingly, we overrule Low’s third issue.

In his final issue, Low complains that the trial court abused its discretion by awarding sanctions against him because the State’s motion to compel discovery is lacking a certificate of conference.

The rules of civil procedure require a certificate of conference on all discovery motions or requests for hearings related to discovery.
(footnote: 20) 
 The purpose of the rule is to ensure that parties cooperate during the discovery process and make reasonable efforts to resolve discovery disputes without the necessity of court intervention.
(footnote: 21)
 In this case, the trial court twice continued the hearing on the State’s motion, gave Low ample opportunity to respond to the State’s discovery requests, and only assessed sanctions after Low failed to provide the promised discovery by April 30 and failed to attend the May 30 hearing. Therefore, the record shows that the State’s reasonable efforts to resolve the discovery dispute failed, and the trial court did not abuse its discretion by assessing sanctions against Low despite the lack of a certificate of conference on the motion to compel.  We overrule Low’s fourth issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: May 12, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court also assessed separate sanctions against Murphy for her part in the discovery abuse, but Murphy has not appealed those sanctions. 

3:
Cire v. Cummings
, 134 S.W.3d 835, 838 (Tex. 2004).
  

4:
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  

5:
Id
.

6:
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978); 
see also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997). 

7:
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

8:
In re Acceptance Ins. Co
., 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 2000, orig. proceeding).

9:
Id.
 

10:
See Valdez v. Valdez
, 930 S.W.2d 725, 729 (Tex. App.—Houston [1st Dist.] 1996, no writ).

11:
See Davis
, 571 S.W.2d at 862.  

12:
Tex. R. Civ. P.
 215.1(d) (emphasis supplied).

13:
See id.;
 
David Keltner, 2 Tex. Practice Guide:  Discovery 
§§ 12.47–.49 (West 2004).

14:
See Thompson v. Henderson,
 45 S.W.3d 283, 290 (Tex. App.—Dallas 2001, pet. denied) (stating that an attorney is charged with knowledge of the law).

15:
Tex. R. Civ. P.
 215.2(b).

16:
Transam. Nat. Gas Corp. v. Powell
, 811 S.W.2d 913, 917 (Tex. 1991).  The cases Low cites regarding attorney’s fees are inapposite because they do not involve the assessment of attorney’s fees as sanctions under rule 215.  
See, e.g., Goudeau v. Marquez
, 830 S.W.2d 681, 682-84 (Tex. App.—Houston [1st Dist.] 1992, no writ) (attorney fees under family code)
; Higgins v. Smith
, 722 S.W.2d 825, 827-28 (Tex. App.—Houston [14th Dist.] 1987, no writ) (attorney fees under 
Tex. R. Civ. P.
 243);
 
Hill v. Heritage Res., Inc.,
 964 S.W.2d 89, 143 (Tex. App.–El Paso 1997, pet. denied) (fee award under declaratory judgments act).

17:
Transam. Nat. Gas Corp
., 811 S.W.2d at 917.  

18:
Id.

19:
The trial court also stated for the record that Low had agreed at the April 17 hearing to provide the discovery by April 30.

20:
See
 
Tex. R. Civ. P.
 191.2.

21:
Id.; see also 
In re Alford Chevorlet-Geo
, 997 S.W.2d 173, 184 (Tex. 1999); 
In re Sears, Roebuck, & Co.
, 146 S.W.3d 328, 333 (Tex. App.—Beaumont 2004, no pet.); 
United Servs. Auto. Ass’n v. Thomas
, 893 S.W.2d 628, 628-29 (Tex. App.—Corpus Christi 1994, writ denied).