The HOUSING AUTHORITY OF the CITY OF EL PASO, Appellant,

v.

Luisa RODRIGUEZ–YEPEZ and Carmen Talamantes, Appellees.

No. 08–91–00209–CV.

Court of Appeals of Texas, El Paso.

March 25, 1992.

Rehearing Overruled April 29, 1992.

Michael C. Crowley, Edward Dunbar, Christie, Berry and Dunbar, El Paso, for appellant.

Justo Fernandez–Gonzalez, El Paso Legal Assistance, Jaime Sanchez, El Paso, for appellees.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In a forcible entry and detainer action filed by the Housing Authority of El Paso against two of its tenants, the jury found in favor of the tenants. The Housing Authority appeals from the judgment of the trial court contending in a single point of error that the court committed reversible error in admitting previously undisclosed testimony. We affirm.

The Housing Authority initially filed a complaint for forcible entry and detainer in the justice court. After a bench trial, the court found the Appellees, Luisa Rodriguez–Yepez and Carmen Talamantes, guilty of forcible entry and detainer with regard to a residential apartment and entered a judgment in favor of the Housing Authority. Subsequently, the Appellees appealed and the case was transferred to County Court at Law No. 3.

In its interrogatories during pretrial discovery, the Housing Authority asked one of the Appellees:

*INTERROGATORY 1:*

Identify each person with knowledge of any relevant facts as defined in Texas Rules of Civil Procedure 166(b)(2)(d) [sic], and *state with specificity what particular knowledge each such person possesses and any opinion such person has formed that is relevant to the subject matter of this case.* [Emphasis added].

The Appellee's first response contained the names and addresses of fifty-two individuals, including that of one Laura Chin. Her supplemental response gave the names and addresses of five additional individuals, including those of the Appellees. The requested knowledge and opinions of the identified individuals was not given, the Appellee objecting that she was "not required to state the particular knowledge each such person possesses and any opinion that such person has formed."

On the day before the trial was to commence, the Housing Authority filed, pursuant to Tex.R.Civ.P. 215(5), a motion to suppress the testimony of all persons listed in Appellee's response and supplemental response on the grounds that Appellee had not complied with Tex.R.Civ.P. 166b(2), which it asserted permitted "inquiry into knowledge of the witnesses listed," and with Rule 166b(4), which requires an objecting party to "state the specific privilege, immunity, or exclusion applicable to the knowledge or opinions of each person identified...." It asserted that Appellee was thus subject to the sanctions of Rule 215(5). On the day of the trial, the Housing Authority filed with the court an amended motion in limine requesting, among other things, that the persons identified in Appellee's responses to its interrogatories should not be permitted to testify without first obtaining the court's ruling on the motion to suppress outside the presence of the jury. The court granted this request. During trial, the court excluded the testimony of all of Appellees' witnesses with the exception of that of Appellees themselves and Laura Chin. At the conclusion of the trial, the jury found for Appellees

and the court entered judgment of the verdict denying the Housing Authority the eviction it sought.

It is the admission of the testimony of the three witnesses that the Housing Authority contends constituted reversible error because, though their names and locations were given, their opinions and knowledge were not disclosed as required by Rule 166b(2)(a) and therefore should have been excluded under Tex.R.Civ.P. 215(5) absent a showing of good cause, citing *Gee v. Liberty Mutual Fire Insurance Co.,* 765 S.W.2d 394 (Tex.1989). The Housing Authority also argues that Appellees failed in their objection to refer to the specific exemption, exclusion or immunity from discovery upon which they relied, as required by Tex.R.Civ.P. 166b(3) and (4). The Housing Authority finally asserts that exclusion of the testimony was mandatory and automatic under *Alvarado v. Farah Manufacturing Company, Inc.* (Prior opinions withdrawn, new opinions substituted; motion for rehearing overruled March 11, 1992). 1992 WL 47037.

The issue is not whether Appellees failed to state specifically the exemption or immunity upon which they relied to excuse them from giving full discovery or to show good cause in order to avoid the automatic sanction. Rather, the issue is whether Appellees were required by Rule 166b(2) to "state with specificity what particular knowledge each such person possesses and any opinion such person has formed that is relevant to the subject matter of this case." If the rules do not require a party to give such information, then there is no need to show good cause or give a specific exemption or immunity. On the other hand, if upon an appropriate interrogatory, a party is required by the rules to state fully and specifically the knowledge and opinions of all potential witnesses it may call to testify, upon that party's failure to give a full answer, and at his or her peril in the absence of good cause, the testimony of such witnesses as to those matters omitted in the answer should be automatically excluded.

Rule 166b(2)(d) authorizes a party, through the discovery process, to obtain *"the identity and location (name, address and telephone number)* [emphasis added] of any potential party and *of persons having knowledge of relevant facts."* [Emphasis added]. Under the rule as presently written, the burden is on the requesting party to depose each person, who is identified as having knowledge of relevant facts, in order to determine exactly what that knowledge is. The rule says nothing about requiring a party to "state with specificity what particular knowledge each such person [whose name, address and telephone number is given in response] possesses and any opinion such person has formed that is relevant to the subject matter of this case" as requested by the Housing Authority. To require a party to detail, at his or her peril, all of the relevant knowledge and opinions of each potential witness would be to place an impossible burden on that party. As the Housing Authority admitted, the penalty for omitting any relevant knowledge would be its automatic exclusion unless good cause could be shown for its omission. We hold that a request such as the one made in this case is an inappropriate discovery request under the rules.

*Gee,* 765 S.W.2d 394 (Tex.1989); *Rainbo Baking Company v. Stafford,* 787 S.W.2d 41 (Tex.1990); *Alvarado,* 34 Tex.Sup.Ct.J. 107 and the other cases cited by the Housing Authority in support of its argument are inapposite in the sense that they address only the application of the automatic sanction and the question of good cause when a party fails to identify in his response or supplemental response a person with relevant knowledge who is subsequently called as a witness.

The Housing Authority also claims that Appellees waived their objection by not properly or timely objecting and by not requesting a hearing. Rule 166b(4) requires that an objecting party must specifically plead the particular exemption from discovery relied upon only when "objecting to an appropriate discovery request within the scope of paragraph 2 [166b(2) ]" when "seeking to exclude any matter from dis-

covery on the basis of an exemption or immunity from discovery...." We have previously held that the request by the Housing Authority for the particular knowledge and opinions of each person identified by Appellees as having knowledge of relevant facts was inappropriate. It was, therefore, unnecessary for Appellees to state a particular exemption. Appellees did object on the grounds that they were not required to state the particular knowledge and opinions of the identified potential witnesses, which is exactly what we have held.

Both Rule 166b(4) and Rule 168(6) provide that either party may request a hearing on objections made to discovery in general and interrogatories in particular. In this case, neither party requested a hearing on Appellees' objection. Immediately prior to the commencement of trial, the Housing Authority presented its motion in limine requesting that all persons, including Appellees, identified in Appellees' response to its interrogatories, be excluded from testifying for the reasons previously stated. The court erroneously granted the request but subsequently modified its ruling by allowing Appellees and one other person (Ms. Chin) to testify. The primary responsibility for requesting a hearing on discovery disputes is on the party requesting the discovery since that party "is in the best position to evaluate its need for information...." *McKinney v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania,* 772 S.W.2d 72, 75 (Tex.1989).

Since it would have been error for the trial court to have excluded the testimony of the witnesses in question, the showing of "good cause" for allowing the testimony is irrelevant. The Housing Authority's point of error is overruled.

Judgment of the trial court is affirmed.