UNITED SERVICES AUTOMOBILE
ASSOCIATION, d/b/a USAA Property
& Casualty Insurance, Appellant,

v.

C. Brock THOMAS, Fred C. Hayden, Jr.
and Michael T. Krismer, Appellees.

No. 13–93–188–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1994.

Rehearing Overruled Jan. 26, 1995.

Eric Pinker, Akin, Gump, Strauss, Hauer & Feld, Dallas, Barry A. Chasnoff, Pamela G. Matthews, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Kathleen M. LaValle, Dallas, for appellant.

David J. Demars, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Savannah Robinson, Cox & Robinson, Corpus Christi, for other interested party.

Before SEERDEN, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Irving T. Cutter, III and Hilde D. Cutter sued appellant, United Services Automobile Association, d/b/a USAA Property & Casualty Insurance (USAA), for breach of insurance contract and bad faith. USAA served the Cutters' three expert witnesses with notices of deposition on written questions and subpoenas duces tecum. The three witnesses objected and obtained a protective order quashing the deposition notices and imposing sanctions against USAA in the amount of $7,500.00. The case was subsequently tried to a jury. The jury found that the Cutters' loss was not insured and that USAA had not acted in bad faith. By four points of error, USAA challenges the award of discovery sanctions.

In response to discovery, the Cutters identified appellees, C. Brock Thomas, Fred C. Hayden, Jr. and Michael T. Krismer, as testifying expert witnesses. USAA served each expert with a notice of deposition on written questions and a subpoena duces tecum requesting disclosure of documents reflecting their respective opinions "in other cases in which they had been hired." The subpoenas duces tecum ordered each expert to produce 1) all deposition and trial testimony given by the expert in the previous five years, 2) all estimates and/or reports (expert opinions) prepared by the expert in the previous three to five years regarding similar foundation damage claims, and 3) all documents relating to the amount of fees each expert received for rendering his expert services. The experts hired their own counsel and filed a joint

motion to quash, for protective order, and for sanctions. The motion did not contain the certificate of conference required by TEX. R.CIV.P. 166b(7) (Vernon Supp.1994). During the hearing on the motion, counsel for the experts admitted that she had failed to confer with USAA's counsel prior to filing the motion. At the conclusion of the hearing, the trial court granted the motion, quashed each of the deposition notices, and awarded sanctions against USAA and its counsel in the amount of $7,500.00 ($2,500.00 for each expert's attorney's fees). USAA subsequently filed a motion for reconsideration, asserting that the deposition notices were lawful, that counsel for the experts was obligated to first confer with USAA's counsel, and that the imposition of sanctions was unjustified under the circumstances. The trial court denied appellant's motion for reconsideration.

By four points of error, USAA generally contends that the trial court erred in awarding sanctions because 1) the information sought was within the scope of permissible discovery, 2) the motion to quash was justly opposed, 3) USAA and its counsel were not guilty of sanctionable conduct, and 4) the award was excessive and unjust under *TransAmerica*[1] and its progeny. USAA argues that the discovery was highly relevant and probative to the issues of coverage and damages,[2] that the discovery was not unduly burdensome since USAA offered to pay for the costs, and that there was no abuse of discovery to justify the imposition of sanctions under TEX.R.CIV.P. 215(3).[3]

Because USAA challenges only the award of sanctions, we need not reach the propriety of the trial court's order granting the motion to quash and for protective order. Thus, although incidentally relevant to whether the trial court abused its discretion in awarding sanctions, we do not rule on whether the requested documents were discoverable under the rules of evidence.

We review the issuance of discovery sanctions under an abuse of discretion standard. *Braden v. Downey*, 811 S.W.2d 922 (Tex.1991). In order to determine whether a trial court has abused its discretion in exercising its inherent powers to impose sanctions, appellate courts make an independent inquiry of the entire record, *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex.1992); *Kutch v. Del Mar College*, 831 S.W.2d 506, 512 (Tex.App.—Corpus Christi 1992, no writ), and apply the factors enunciated in *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991).

TEX.R.CIV.P. 166b(7) requires that all discovery motions "shall" contain a certificate by the party filing the motion that efforts to resolve the discovery dispute without the necessity of court intervention have been attempted and failed. *Accord* NUECES COUNTY (TEX.) LOC.R. 3.16. Before section 7 was added to Rule 166b, trial courts often found that parties would appear in court with discovery disputes that could have been settled if the parties had only discussed them. Rule 166b(7) ensures that parties will make good faith efforts to settle discovery disputes before filing sanctions motions and that sanctions motions will be filed only when court intervention is absolutely necessary.

The record reflects that the motion for sanctions did not contain a certificate of conference. At the hearing, the experts' counsel admitted that she failed to confer with counsel for USAA prior to filing the motion. The record, however, reflects that the trial court looked to USAA to explain why it did not contact the experts' counsel as soon as the

---

1. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991).

2. Specifically, USAA contends that the discovery request sought prior opinions of the experts to demonstrate a pattern of reaching false and questionable conclusions favorable to claimants in foundation damages cases.

3. TEX.R.CIV.P. 215(3) provides, in relevant part, as follows:

If the court finds a party is abusing the discovery process in seeking, making or resisting discovery or if the court finds that any interrogatory or request for inspection or production is unreasonably frivolous, oppressive, or harassing, ... then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of paragraph 2b of this rule. Such order of sanction shall be subject to review on appeal from the final judgment.

motion was received and attempt to resolve the discovery dispute without the necessity of court intervention. It appears from the record that the trial court placed the burden to confer on the wrong party. We hold that the trial court abused its discretion by granting the motion for sanctions without the required certificate of conference.

We reverse the trial court's sanctions order and render that appellees take nothing.