Lorne **TJERNAGEL** and Accidental Injury Treatment Center, Inc., Relators,

v.

The Honorable W.F. **ROBERTS,** Judge, Respondent.

No. 07–96–0199–CV.

Court of Appeals of Texas, Amarillo.

Aug. 8, 1996.

Craig Terrill & Hale L.L.P. (Robert L. Craig, Jr. and Leonard R. Grossman), Lubbock, for Relators.

Ed Walton, Amarillo, for Real Party in Interest.

Before DODSON and QUINN, JJ., and REYNOLDS, S.J.*

REYNOLDS, Senior Justice.

By this original proceeding, relators Lorne Tjernagel and Accidental Injury Treatment Center, Inc., seek a writ of mandamus to compel respondent, Honorable W.F. Roberts, Judge of County Court at Law No. 1 of Potter County, to vacate his 24 May 1996 order overruling their objections to, and ordering compliance with, discovery requests, and imposing sanctions of their payment of attorney's fees and disallowment of any further discovery by relators. We conditionally grant a writ of mandamus in part and deny it in part.

Alleging relators improperly filed "hospital liens," real parties in interest Jerry McLaughlin and McLaughlin and Pirtle, a Texas General Partnership (collectively, McLaughlin), brought suit against relators and simultaneously submitted discovery requests for document production and answers to interrogatories. Relators filed prolix objections to the discovery requests, and, subject to those objections, responded to each of the requests in some fashion, promising to supplement the responses and production when more information became available.

Dissatisfied with the objections, McLaughlin filed a motion to compel and for sanctions on 6 May 1996, specifically complaining of relators' failure to supplement or amend their responses. On 13 May 1996, relators filed supplemental and amended answers to

McLaughlin's discovery requests. Albeit again made subject to pared-down objections, relators responded to each of McLaughlin's discovery requests in some fashion, promising additional supplementation if and when more information was received.

The hearing on McLaughlin's motion to compel and for sanctions proceeded as set on 23 May 1996. Relators' attorney defended the objections to the discovery requests, and though some mention was made of individual requests and objections thereto, the bulk of the defense was generalized as to relevancy and overbreadth.[1] In presenting and defending their objections, relators chiefly relied upon the expression of the discovery requests.

As support for their specific objection to interrogatory number 3,[2] relators offered the deposition of Lorne Tjernagel, which had been taken by McLaughlin's attorney. Contending the request was overly broad and burdensome, relators proffered that the 100-page deposition covered a myriad of facts and to outline them all, as requested by the interrogatory, would be burdensome and redundant. McLaughlin noted that it was relators' burden to point with specificity to the portions of the deposition upon which they were relying, and their failure to do so would require respondent to read all 100 pages. Respondent refused to review the deposition or admit it into evidence.

Relators' specific complaint against interrogatory number 15,[3] was that they had provided McLaughlin with documents relevant and responsive to the request, but objected to any further production of responsive documents because the remaining documents were not relevant to the parties in the under-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

1. Relators also pressed objections regarding privilege, and presented documents to respondent for an *in camera* inspection. Respondent refused to conduct the *in camera* review, prompting a complaint in these proceedings, but that complaint was waived during submission on oral argument.

2. Interrogatory number 3 reads:

> State the identity and location of each and every individual, other than the experts identified in the preceding Interrogatory, having knowledge of facts relevant to the issues of this litigation including name, address, telephone number, and a brief rendition of the relevant facts known to such person.

3. Interrogatory number 15 reads:

> Identify all person (sic) against whom any defendant hereto as (sic) filed a hospital lien or alleged hospital lien.

lying suit. In relation to this objection, relators solely relied upon the wording of the request without an offer of supporting documentation of the contents of the remaining documents.

Arguing that relators failed in their burden to present evidence in support of their objections, McLaughlin urged the overruling of all of relators' objections and the granting of the motion to compel. In support, McLaughlin relied upon quoted passages from Tjernagel's deposition that there were some documents which might be responsive to interrogatory number 15 which had not been produced, and that such documents were contained in a single file. Respondent overruled all of relators' objections to McLaughlin's discovery requests and ordered compliance.

Having successfully urged the motion to compel, McLaughlin's attorney, Ed Walton, testified concerning his hourly rate of $185 and the 16.12 hours expended in preparing and pressing the motion to compel, plus the time expended at the hearing. Without objection or cross-examination, Walton opined that the total amount of attorney's fees expended by the motion and hearing was $3,722.20.

McLaughlin suggested that respondent take judicial notice of their responses to relators' discovery requests, noting that the requests were virtually identical to the discovery requests objected to by relators, and disallow any further discovery by relators as an additional sanction. This was appropriate, Walton suggested, because the responses McLaughlin made provided "all the information they [relators] could need," and denying further discovery would not prevent the presentation of any of relators' claims. Without considering any other sanctions, nor making any stated findings, respondent ordered that relators be disallowed any further discovery.

By the order which prompted the petition for mandamus, respondent overruled relators' objections to McLaughlin's discovery requests and ordered compliance therewith on or before 24 June 1996, ordered relators to pay the sum of $3,722.20 as attorney's fees

on or before 24 June 1996, and prohibited any further discovery by relators.[4] Upon granting relators leave to file their petition for writ of mandamus, by which relators contended that respondent abused his discretion in making the order, we stayed any further proceedings in the trial court pending our orders.

■ To obtain mandamus relief upon their pleadings, relators must show both that respondent committed a clear abuse of discretion, and relators have no adequate remedy at law, such as a normal appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839.

At the outset, relators complain, as they did at the hearing, that respondent should never have heard the motion to compel and for sanctions. This is so, they contend, because any party filing a discovery motion is required to include a certificate that "efforts to resolve the discovery dispute without the necessity of court intervention have been attempted and failed," Texas Rule of Civil Procedure 166b(7), and no such certificate of conference accompanied McLaughlin's motion to compel.

■ It is of no moment whether relators are correct, or whether McLaughlin is correct in asserting that a sufficient certificate was accomplished by the statement in the motion that they notified relators of their dissatisfaction and asked for a response by the date chosen by relators. This obtains because the provisions of Rule 166b(7), *supra,* are for the benefit of the trial court; thus, the trial court has discretion to forego that benefit and not enforce the rule. *International Surplus Lines Ins. Co. v. Wallace,* 843 S.W.2d 773, 776 (Tex.App.—Texarkana 1992, orig. proceeding). Consequently, respondent's failure to require the certificate of conference cannot justify mandamus relief.

---

4. The order further denies relators' plea in abatement, which is not at issue here, and that deter-

mination is not disturbed by these proceedings.

*Groves v. Gabriel,* 874 S.W.2d 660, 662 (Tex. 1994) (orig. proceeding).[5]

Relators present three reasons why respondent abused his discretion in imposing unjust sanctions. First, their objections to the discovery requests were justified and in accord with stated principles of law; second, the imposition of the award of attorney's fees was unreasonable; and third, disallowing any further discovery amounted to a "death penalty" sanction without a showing of a reasonable relationship to the harm done by any willful misconduct or bad faith of relators or their counsel.

Relators rely heavily upon the holdings of *Dillard Dept. Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex.1995), and *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813 (Tex.1995), in asserting that the discovery requests were overly broad "fishing expeditions." While some individual objections were deliberated at the hearing, and mention has been made in these proceedings of specific objections to individual requests, the arguments made both at the hearing and in these proceedings are global objections to the discovery requests. In their oral argument addressing overbreadth and irrelevancy, relators focused upon the wording of interrogatories 3 and 15 to contend that respondent abused his discretion in overruling the objections and ordering compliance. Consequently, we will look to those individual interrogatories to determine whether respondent abused his discretion.

■ In regard to interrogatory 3, which is reproduced in marginal note 2, *supra,* relators represent that through their supplemental and amended responses to McLaughlin's first discovery instrument, they narrowed their objections only to providing a rendition of facts known to each person. The request for a brief rendition of the relevant facts known to each person has, according to relators, been held to be inappropriate and overly broad in *Housing Authority v. Rodriguez–Yepez,* 828 S.W.2d 499 (Tex.App.—El Paso,

writ denied), *per curiam,* 843 S.W.2d 475 (Tex.1992). Furthermore, they continue, their response specifically incorporated by reference Tjernagel's deposition, thereby providing the information requested.

As a threshold matter, it does not escape notice that relators' supplemental and amended responses did not narrow their objections as represented; indeed, they carry forward the very same objections they asserted in their original response to McLaughlin's first discovery instrument. Nevertheless, at the hearing in the trial court, relators advised respondent that they really objected to providing a rendition of facts known to each person, explaining that they had named only the plaintiffs and defendants and objected to spelling out everything in their communications among the corporation, its employees and attorneys.

Although the intermediate *Housing Authority* court did hold that a request for the identity of each person with knowledge of any relevant facts, together with specificity of the particular knowledge each person possessed and any opinion the person has formed that is relevant to the subject matter of the case, is inappropriate, the court did so on the theory that the burden was on the requesting party to depose each person identified to determine exactly what knowledge they had. *Id.* at 500–01. However, in denying the application for writ of error, the Supreme Court, noting that interrogatories may relate to any matter which is relevant to the subject matter in the pending action, and that the broad scope of discovery is tempered by the court's discretion, properly invoked, to narrow the scope of discovery with a protective order, stated that its denial should not be construed as approving the implication that deposition is the sole vehicle for obtaining information concerning the knowledge and opinions of witnesses with knowledge of relevant facts. 843 S.W.2d at 476.

We do not read the Supreme Court's comments in *Housing Authority* as requiring the

---

5. This determination is not at odds with *United Services Auto. Ass'n v. Thomas,* 893 S.W.2d 628 (Tex.App.—Corpus Christi 1994, writ denied), relied upon by relators. In *Thomas,* the trial court placed the burden to confer on the wrong party, prompting the appellate court's determination of

an abuse of discretion, *id.* at 629, but in this cause, respondent merely abrogated the advantage of requiring the parties to attempt an amicable resolution of their differences before seeking his intervention.

answering party to undertake an investigation of the potential information known to the person listed as possibly having knowledge of facts. If the answering party is aware of that information, he should state it; if not, he may so state. However, in view of the Supreme Court's holding, we need not decide whether respondent abused his discretion in overruling relators' objection to interrogatory 3 as inappropriate and overly broad. This results because a party who seeks to exclude matters from discovery on the ground the request is unduly burdensome or overly broad has the burden to plead and prove the work necessary to comply with the discovery. *Independent Insulating Glass v. Street,* 722 S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, orig. proceeding, writ dism'd). Relators did not discharge their burden.

The only proof offered on the subject was Tjernagel's deposition. Although relators were unsuccessful in introducing the deposition at the hearing, they filed it as an attachment to their motion for reconsideration, thereby making it a part of the record properly before us for review. And both relators and McLaughlin rely upon portions of this deposition in making their respective arguments. Moreover, at the trial court hearing, McLaughlin, without objection from relators, quoted portions of the deposition to assert that relators possessed documents which have not been produced, and that those documents are contained in a single file.

Even if relators had been successful in introducing the deposition as evidence at the hearing, the deposition does not evidence the work necessary to comply with the request, and no other proof of the over burdensomeness or over broadness was offered. Resultantly, we cannot say respondent abused his discretion in overruling the objection to interrogatory number 3. *Id.*

■ Relators also contend they have provided McLaughlin with all the documents relevant to interrogatory number 15, and it was an abuse of discretion for the trial court to order full compliance of producing the entire file of documents pertinent to the request. In making this contention, relators rely heavily upon *Dillard* and *Sanderson.*

In *Dillard,* the Court held that a "twenty-state search for documents over a five-year period is overly broad as a matter of law." 909 S.W.2d at 492. In *Sanderson,* the Court determined that while the plaintiffs were entitled to discover evidence of safety policies and practices as they related to circumstances relevant to their allegations, they were not entitled to evidence of all safety policies and practices in all areas of the defendant company. 898 S.W.2d at 815.

In this cause, relators have asserted that interrogatory number 15 is overly broad since it is not limited by time. However, Tjernagel's deposition reveals that there is but one company, which has been in business for about three years, and the documents responsive to the request are contained in but one file. This is not the overbreadth contemplated by *Dillard.* Further, the burden of pleading and proving that the requested evidence is not relevant falls upon the party seeking to prevent discovery. *Valley Forge Insurance Company v. Jones,* 733 S.W.2d 319, 321 (Tex.App.—Texarkana 1987, orig. proceeding). Although relators assert that the documents not produced from the file responsive to interrogatory number 15 are not relevant, they have offered no supporting proof of that assertion. Absent proof of irrelevancy, a request seeking matters relative to the cause is not overbroad merely because it may call for some information of doubtful relevance. *Texaco, Inc. v. Sanderson,* 898 S.W.2d at 815. On this record, we cannot say respondent abused his discretion in overruling the objection to interrogatory number 15.

Then, because respondent did not abuse his discretion in overruling the objections, he did not abuse his discretion in ordering compliance with the discovery requests. Resultantly, relators are not entitled to mandamus relief on the portions of the order overruling the objections to, and ordering compliance with, the discovery requests.

■ Relators further contend that the trial court erred in ordering them to pay McLaughlin's attorney's fees as a sanction for the necessity of the motion to compel, because the fees were not reasonable or supported by proper evidence. There is a triad

of reasons why relators' contention is unavailing.

■ First, they made no such complaint at the time of the hearing; thus, the complaint was not preserved for our review. Tex.R.App. P. 52(a). Second, proof of attorney's fees expended or the reasonableness thereof is not required when such fees are assessed as sanctions. *Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex.1984). Third, the imposition of monetary sanctions, such as attorney's fees, is reviewable on appeal from a final judgment and, for that reason, is not subject to mandamus. *Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex. App.—Dallas 1992, orig. proceeding). Monetary sanctions are subject to review by mandamus only if the party against whom the imposition is made shows that the sanctions would totally or significantly preclude its further access to the court. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991). Because relators do not contend that the imposition of the award of attorney's fees against them would preclude their access to the court, and obviously it did not, they have an adequate remedy by normal appeal, *Electronic Data Systems Corp. v. Tyson*, 862 S.W.2d 728, 736 (Tex.App.—Dallas 1993, orig. proceeding), from a final judgment, and mandamus is not proper. *Walker v. Packer*, 827 S.W.2d at 839–40.

Finally, relators contend the trial court abused its discretion in imposing what they contend are "death penalty" sanctions by disallowing any further discovery by relators. This is so, they submit, because without further discovery, they will be unable to obtain information vital to the presentation of their claims and defenses.

■ The legitimate purposes of discovery sanctions are three-fold: (1) to secure compliance with discovery rules; (2) to deter other litigants from similar conduct; and (3) to punish violators. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). However, discovery sanctions must also be just. Tex.R. Civ. P. 215(2)(b); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). Two factors mark the bounds of the trial court's discretion in order for sanctions to be just: (1) a direct relationship between

the offensive conduct and the sanction imposed must exist; and (2) the sanction imposed must not be excessive. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991).

■ Sanctions that by their severity prevent a decision on the merits of a case cannot be justified "absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.* at 918. Even then, lesser sanctions must first be tested to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender. *Chrysler Corp. v. Blackmon*, 841 S.W.2d at 849.

■ There is no requirement, as McLaughlin proposes, that relators delineate what they hope to discover given the opportunity to conduct further discovery. Remedy by appeal is inadequate when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record. *Id., citing Walker v. Packer*, 827 S.W.2d at 843. When this occurs, a reviewing court is unable to evaluate the effect of the trial court's alleged error on the record before it; thus, there is no adequate remedy by appeal and mandamus is proper. *Walker v. Packer*, 827 S.W.2d at 843–44.

During the hearing, McLaughlin asserted that relators' objections were too verbose, resulting in the fear that not all relevant and responsive information had been supplied, and the motion to compel was brought to preclude relators from relying upon those objections at trial and introducing evidence which would have been responsive and relevant. We cannot abide McLaughlin's assertions that overuse of objections constitutes misconduct or that there is no requirement of a showing of a pattern of abuse. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d at 919.

■ Respondent did not make a stated finding of relators' flagrant bad faith or their counsel's callous disregard for the responsibilities of discovery under the rules, nor that they failed to produce particular documents, nor did he order the production of any specific documents. Rather, he ordered compli-

ance with the discovery requests as a whole without notation that relators had twice attempted to respond. In light of the record evincing relators' attempts to comply with the discovery requests, albeit not to McLaughlin's satisfaction, there is no foundation for McLaughlin's assertion of an implied finding of bad faith.

■ There must be some evidence to show an abuse of the discovery proceedings before sanctions can be imposed. *Chrysler Corp. v. Blackmon,* 841 S.W.2d at 850. When the sanction of disallowing discovery under Texas Rule of Civil Procedure 215(2)(b)(1) is imposed, it must be no more severe than necessary to satisfy its legitimate purposes. *Global Services, Inc. v. Bianchi,* 901 S.W.2d 934, 938 (Tex.1995) (orig. proceeding). Prohibiting relators from conducting any further discovery prevents them from possibly obtaining evidence from McLaughlin and would hamper the preparation for trial. We are not bound by McLaughlin's attorney's assertion that relators have all the information they need to proceed without the necessity of further discovery. Under such circumstances, the sanction was inappropriate and excessive, and to impose it was a clear abuse of discretion. *Id.*

Accordingly, we deny a writ of mandamus to compel respondent to vacate those portions of his order overruling relators' objections to the interrogatories and requiring compliance with the discovery requests and the imposition of the award of attorney's fees; but, we conditionally grant the issuance of a writ of mandamus directing respondent to vacate that portion of his 24 May 1996 order disallowing any further discovery by relators, and to modify his order to grant relators a period of thirty days to comply with the discovery requests. The writ will issue only if respondent fails to promptly act in accordance with this opinion.