NO. 07-07-0118-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2008
______________________________

ARTURO FUENTES and OLGA FUENTES, 

                                                                                                 Appellants

v.

ANDREA SCHOOLING and AMANDA KNOX, 

                                                                                                 Appellees
_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-527,665; HON. RUBEN REYES, PRESIDING
_______________________________

Memorandum Opinion
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Arturo Fuentes and his wife Olga (the Fuenteses) appeal from a judgment rendered
in their favor. They had sued Andrea Schooling and Amanda Knox to recover for personal
injuries. In nine issues, the Fuenteses contend the trial court erred in 1) reducing the
amount of medical expenses in the manner that it did, 2) awarding a discovery sanction
against their attorney, 3) denying their motion to modify the trial court’s discovery plan and
refusing to permit additional discovery, and 4) refusing to set a hearing on their motion to
allow examination of the record. We modify the judgment in part and affirm it as modified. 
 
          Background
          On September 5, 2002, around 2:00 a.m., Arturo Fuentes was driving down
University Avenue in Lubbock and stopped in the right lane of traffic to allow a friend to
enter the vehicle. His wife Olga was also a passenger at the time. While stopped, a
vehicle owned by Knox and driven by Schooling struck the Fuenteses’ car. 
          The Fuenteses filed suit in September 2004 alleging negligent entrustment and
negligence. So too did they contend that Schooling was intoxicated when the incident
occurred. After issue was joined and discovery completed, the case was tried to a jury. 
The latter found both Arturo and Schooling 50% responsible for the accident. It then
awarded Olga $2500 as recovery for past medical expenses. However, the trial court
reduced the $2500 sum to $1661.60 since a portion of the $5714 hospital bill had been
discounted by the care provider. The amount remaining was then divided in half to reflect
the percentage of negligence attributed to each party. 
          Issue 1 - Reduction of Damages Awarded
          In their first issue, the Fuenteses complain of the trial court’s application of §41.0105
of the Texas Civil Practice and Remedies Code to reduce the amount awarded by the jury
for past medical expenses to $830.80. We sustain the issue. 
          Section 41.0105 states that “[i]n addition to any other limitation under law, recovery
of medical or health care expenses incurred is limited to the amount actually paid or
incurred by or on behalf of the claimant.” Tex. Civ. Prac. & Rem. Code Ann. §41.0105
(Vernon 2008). No one disputes that while the hospital charged Olga for approximately
$5700 in medical expenses, the sum actually paid or incurred by the Fuenteses was
$3797.74. Thus, the $2500 in past medical expenses found by the jury fell within the
$3797.74 amount that all concede was paid to the hospital. In multiplying that sum by the
percentage of liability attributed to both parties, i.e. 50%, one derives a product of $1250. 
Yet, the trial court awarded only $830.80. In doing so, it erred. 
          Issues 2, 3, 4, 5 and 8 - Motion to Quash and Sanctions
          Issues 2, 3, 4, 5, and 8 involve two related matters. The first is a motion to quash
a deposition by written interrogatories which the Fuenteses scheduled after the discovery
deadline ended. The second is the request and award of $500 in sanctions levied against
the Fuenteses’ attorney due to his belated attempt at discovery. We overrule the issues.
          A trial court’s ruling on a motion for sanctions is reviewed for abused discretion. 
Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004). This means we can reverse it only
if it is arbitrary or unreasonable. Id. at 839. In determining whether the trial court’s
discretion was abused, the history of the case before us is relevant. Moreover, that history
follows.
          As previously mentioned, the Fuenteses filed suit in September 2004. Shortly
thereafter, the trial court entered a written order directing that discovery be completed no
later than January 10, 2006. And, apparently it was. However, question arose as to
whether a doctor which the Fuenteses had designated as a fact witness could testify as an
expert. This dispute resulted in the trial court convening a hearing on April 10, 2006. At
that hearing, the trial court decided to grant the Fuenteses a continuation of the trial date
so that they could designate the doctor as an expert. The court also concluded that it was
not necessary to enter another discovery scheduling order and informed the parties that
discovery, in general, would not be reopened. Nonetheless, on May 12, 2006, the
Fuenteses served their opponents with a notice of intent to depose the Texas Department
of Public Safety and obtain Schooling’s driving records from it. So too did they serve
requests for production on Schooling which sought a medical authorization; there is some
indication in the record that they already had the records at the time. 
          Schooling moved to quash the discovery, contending that the discovery deadline
had lapsed. The motion was set for hearing on May 19, 2006. Prior to that date, counsel
for the Fuenteses appeared, ex parte, at the trial judge’s office in effort to reschedule the
hearing. He and the trial judge then engaged in a discussion about the pending motion. 
Apparently, the trial court informed plaintiffs’ counsel of its intent to grant same and then
asked him whether he still wanted a hearing on the pending motion. The court then
followed its question with the comment that counsel for Schooling may seek costs if the
hearing was held. Fuenteses’ counsel questioned the accuracy of the trial court’s intended
decision and indicated that he still desired the hearing. 
          On May 18, 2006, the trial court mailed a letter to the parties informing them of its
intent to quash the deposition and its refusal to re-open discovery. Schooling then filed an
amended motion to quash in which she sought sanctions. 
          The hearing was eventually held on August 25, 2006. When it convened, the trial
court not only denied the Fuenteses’ recently filed motion to modify the discovery control
plan but also mentioned that it was considering sanctions.


 The Fuenteses’ counsel
responded by asserting that Schooling’s counsel had requested the hearing on the motion
to quash and that he (Fuenteses’ counsel) had done nothing with respect to conducting
further discovery after receipt of the May 18th letter. When the hearing ended, the trial
court levied a sanction of $500 on counsel for the Fuenteses, though Schooling had
requested $2,063 in attorney’s fees. With this said, we turn to the arguments before us.
          The Fuenteses initially contend that their counsel was sanctioned for violating an
oral order. We disagree for the initial order setting January 10, 2006, as the discovery
deadline was written, and it was the deadline imposed by that order which the Fuenteses
exceeded.
          Second, the argument that the oral pronouncements of the trial court made during
the April 10, 2006 hearing were not sufficiently clear to support sanctions is also faulty. 
During that hearing, the trial court simply allowed the Fuenteses to re-designate a witness
from fact to expert. It did not alter the previously established discovery deadline in any
other respect. Moreover, the written order setting January 10, 2006, as the applicable
deadline was quite clear.
          Third, the Fuenteses contend that the trial court abused its discretion by ruling (via
its May 18th letter) on the initial motion to quash without a hearing and “then . . . contact[ing]
Appellees’ counsel to instruct him to initiate the further proceedings culminating with the
Trial Court’s award of a sanction . . . .” This too is inaccurate for several reasons. First,
while the May 18th letter indicated that the trial court granted the motion to quash, the latter
was actually heard in open court on August 25, 2006.


 Additionally, the parties appeared
through their respective attorneys, and the Fuenteses said nothing about being denied a
hearing before the May 18th letter was sent. Having received from the trial court what they
tell us was denied them, we find little merit to their complaint. The same is true regarding
the allegation about the trial court inducing the movant to initiate further proceedings. The
irony inherent in the Fuenteses accusing their opponent’s counsel of what their own
attorney did is not lost on us.


 Nonetheless, we perused the record and uncovered no
evidence of the trial court contacting defense counsel about the prospect of obtaining
sanctions. Nor did we find where the Fuenteses objected below to the supposed contact. 
Thus, the matter was not preserved even if it occurred. Tex. R. App. P. 33.1 (requiring a
contemporaneous objection followed by ruling to preserve a complaint for review).
          Fourth, we also reject the allegation that the trial court abused its discretion in
levying sanctions because the amended motion to quash lacked a certificate of
conference. This is so for several reasons. First, we note that many of the Fuenteses’ own
motions and requests regarding the continuation of discovery also lacked the certificate in
question; so, we are a bit hesitant to enforce against their opponent rules which the
Fuenteses themselves breached. Second, the matter of the missing certificate was not
broached until after the trial court held the August 25th hearing and executed its order
levying sanctions; thus, the complaint was untimely and waived. Tex. R. App. P. 33.1
(requiring a contemporaneous objection). Third, rules requiring certificates of conference
are for the trial court’s benefit; thus, they may be enforced at the option of the trial court. 
Tjernagel v. Roberts, 928 S.W.2d 297, 300-301 (Tex. App.–Amarillo 1996, no writ).


 So,
we cannot fault the trial court for opting not to enforce it. 
          Issues 6 & 7 - Refusal to Modify Discovery Control Plan and “Freezing” of Discovery
          Through issues six and seven, the Fuenteses claim that the trial court erred in
refusing to grant their motion to modify the discovery control plan in light of their purported
need for the driving records of Schooling and medical authorizations. We overrule the
issues.
          There are some instances wherein the trial court must modify a discovery control
plan. They arise when 1) the interests of justice demand it, 2) new, amended, or
supplemental pleadings are filed or new information is disclosed in a discovery response,
and 3) matters have materially changed after the discovery deadline lapsed and the trial
is scheduled for more than three months after the deadline. Tex. R. Civ. P. 190.5(a) & (b). 
Here, the Fuenteses do not contend that anything materially changed after the deadline
lapsed or that new discovery responses or pleadings called for additional discovery. 
Rather, they suggest that such was mandated due to the interests of justice. Yet, they
posited no reason explaining why they waited until after the deadline lapsed to pursue the
discovery in question. Nor could they reveal to the trial court when they received the
driving information they later believed was deficient and whether they could have obtained
the additional data before the deadline had they acted with diligence. And, as for the
medical authorizations, the Fuenteses assert that same was needed to insulate them from
purported “HIPAA” violations. Yet, they do not explain how they were exposed to such
violations without obtaining the authorization. Nor do they cite us to any authority
suggesting that an authorization was or is needed to avoid “HIPAA” entanglements. Given
these circumstances, the Fuenteses fell short of establishing that the interests of justice
warranted the reopening of discovery, especially when their intent was to gather
information which may have been available to them long before discovery actually ended. 
See Joe v. Two Thirty Nine J.V., 145 S.W.3d 150, 161 (Tex. 2004) (stating that the length
of time the case has been on file and the exercise of due diligence in obtaining the
discovery sought are two factors the trial court may consider in determining whether to
grant a motion for continuance in order to conduct further discovery). So, we cannot say
that the trial court abused its discretion in refusing to grant the motion in question. See
Brown v. Brown, 145 S.W.3d 745, 750 (Tex. App.–Dallas 2004, pet. denied) (holding that
the decision to grant further discovery lies within the trial court’s discretion).
          Issue 9 - Motion for Order Allowing Examination of Record
          Finally, the Fuenteses contend that the trial court erred in refusing to set for hearing
their motion requesting access to the audiotape of the August 25, 2006 hearing “[d]ue to
questions . . . concerning the accuracy of one part of such transcript.” We overrule the
complaint for several reasons. 
          First, they failed to identify those matters in the written transcript which they believed
to be inaccurate. So, we have no idea about the relevance, if any, of those purported
inaccuracies. Second, nor did the Fuenteses explain how those supposed inaccuracies
were material or in any way harmful to their cause. This is of import since we cannot
reverse a judgment without proof of harm. Tex. R. App. P. 44.1(a); Hong Kong
Development, Inc. v. Nguyen, 229 S.W.3d 415, 443 (Tex. App.–Houston [1st Dist.] 2007,
no pet.). Third, we were not cited to any evidence of record illustrating that they brought
the motion to the trial court’s attention; nor did we uncover any. Simply asking the clerk
to do so is not enough for the clerk is not the agent or employee of the court. See In re
Davidson, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding). And, we
have trouble faulting the trial court for omitting to act when it may not have known of the
need for action. Finally, we know of no authority requiring the trial court to release audio
tapes of a hearing to a party merely because the party may want them; if same existed, it
was the Fuenteses’ burden to cite us to it. Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.
App.–Amarillo 2003, pet. denied) (holding that the appellant must cite authority in support
of its argument).
          Accordingly, we modify the trial court’s judgment to award Olga Fuentes $1250
against Andrea Schooling, instead of $830.80 and affirm the judgment as modified. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice