NO. 07-07-0118-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2008

_____

ARTURO FUENTES and OLGA FUENTES,

Appellants

v.

ANDREA SCHOOLING and AMANDA KNOX,

Appellees

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-527,665; HON. RUBEN REYES, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Arturo Fuentes and his wife Olga (the Fuenteses) appeal from a judgment rendered in their favor. They had sued Andrea Schooling and Amanda Knox to recover for personal injuries. In nine issues, the Fuenteses contend the trial court erred in 1) reducing the amount of medical expenses in the manner that it did, 2) awarding a discovery sanction against their attorney, 3) denying their motion to modify the trial court's discovery plan and refusing to permit additional discovery, and 4) refusing to set a hearing on their motion to

allow examination of the record. We modify the judgment in part and affirm it as modified.

*Background*

On September 5, 2002, around 2:00 a.m., Arturo Fuentes was driving down University Avenue in Lubbock and stopped in the right lane of traffic to allow a friend to enter the vehicle. His wife Olga was also a passenger at the time. While stopped, a vehicle owned by Knox and driven by Schooling struck the Fuenteses' car.

The Fuenteses filed suit in September 2004 alleging negligent entrustment and negligence. So too did they contend that Schooling was intoxicated when the incident occurred. After issue was joined and discovery completed, the case was tried to a jury. The latter found both Arturo and Schooling 50% responsible for the accident. It then awarded Olga $2500 as recovery for past medical expenses. However, the trial court reduced the $2500 sum to $1661.60 since a portion of the $5714 hospital bill had been discounted by the care provider. The amount remaining was then divided in half to reflect the percentage of negligence attributed to each party.

*Issue 1 - Reduction of Damages Awarded*

In their first issue, the Fuenteses complain of the trial court's application of §41.0105 of the Texas Civil Practice and Remedies Code to reduce the amount awarded by the jury for past medical expenses to $830.80. We sustain the issue.

Section 41.0105 states that "[i]n addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE ANN. §41.0105 (Vernon 2008). No one disputes that while the hospital charged Olga for approximately

2

$5700 in medical expenses, the sum actually paid or incurred by the Fuenteses was $3797.74. Thus, the $2500 in past medical expenses found by the jury fell within the $3797.74 amount that all concede was paid to the hospital. In multiplying that sum by the percentage of liability attributed to both parties, *i.e.* 50%, one derives a product of $1250. Yet, the trial court awarded only $830.80. In doing so, it erred.

*Issues 2, 3, 4, 5 and 8 - Motion to Quash and Sanctions*

Issues 2, 3, 4, 5, and 8 involve two related matters. The first is a motion to quash a deposition by written interrogatories which the Fuenteses scheduled after the discovery deadline ended. The second is the request and award of $500 in sanctions levied against the Fuenteses' attorney due to his belated attempt at discovery. We overrule the issues.

A trial court's ruling on a motion for sanctions is reviewed for abused discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). This means we can reverse it only if it is arbitrary or unreasonable. *Id.* at 839. In determining whether the trial court's discretion was abused, the history of the case before us is relevant. Moreover, that history follows.

As previously mentioned, the Fuenteses filed suit in September 2004. Shortly thereafter, the trial court entered a written order directing that discovery be completed no later than January 10, 2006. And, apparently it was. However, question arose as to whether a doctor which the Fuenteses had designated as a fact witness could testify as an expert. This dispute resulted in the trial court convening a hearing on April 10, 2006. At that hearing, the trial court decided to grant the Fuenteses a continuation of the trial date so that they could designate the doctor as an expert. The court also concluded that it was

3

not necessary to enter another discovery scheduling order and informed the parties that discovery, in general, would not be reopened. Nonetheless, on May 12, 2006, the Fuenteses served their opponents with a notice of intent to depose the Texas Department of Public Safety and obtain Schooling's driving records from it. So too did they serve requests for production on Schooling which sought a medical authorization; there is some indication in the record that they already had the records at the time.

Schooling moved to quash the discovery, contending that the discovery deadline had lapsed. The motion was set for hearing on May 19, 2006. Prior to that date, counsel for the Fuenteses appeared, *ex parte*, at the trial judge's office in effort to reschedule the hearing. He and the trial judge then engaged in a discussion about the pending motion. Apparently, the trial court informed plaintiffs' counsel of its intent to grant same and then asked him whether he still wanted a hearing on the pending motion. The court then followed its question with the comment that counsel for Schooling may seek costs if the hearing was held. Fuenteses' counsel questioned the accuracy of the trial court's intended decision and indicated that he still desired the hearing.

On May 18, 2006, the trial court mailed a letter to the parties informing them of its intent to quash the deposition and its refusal to re-open discovery. Schooling then filed an amended motion to quash in which she sought sanctions.

The hearing was eventually held on August 25, 2006. When it convened, the trial court not only denied the Fuenteses' recently filed motion to modify the discovery control plan but also mentioned that it was considering sanctions.[1] The Fuenteses' counsel

---

[1]At that hearing, the court also denied the Fuenteses' request for modification of the discovery control plan filed on August 23, 2006.

4

responded by asserting that Schooling's counsel had requested the hearing on the motion to quash and that he (Fuenteses' counsel) had done nothing with respect to conducting further discovery after receipt of the May 18th letter. When the hearing ended, the trial court levied a sanction of $500 on counsel for the Fuenteses, though Schooling had requested $2,063 in attorney's fees. With this said, we turn to the arguments before us.

The Fuenteses initially contend that their counsel was sanctioned for violating an oral order. We disagree for the initial order setting January 10, 2006, as the discovery deadline was written, and it was the deadline imposed by that order which the Fuenteses exceeded.

Second, the argument that the oral pronouncements of the trial court made during the April 10, 2006 hearing were not sufficiently clear to support sanctions is also faulty. During that hearing, the trial court simply allowed the Fuenteses to re-designate a witness from fact to expert. It did not alter the previously established discovery deadline in any other respect. Moreover, the written order setting January 10, 2006, as the applicable deadline was quite clear.

Third, the Fuenteses contend that the trial court abused its discretion by ruling (via its May 18th letter) on the initial motion to quash without a hearing and "then . . . contact[ing] Appellees' counsel to instruct him to initiate the further proceedings culminating with the Trial Court's award of a sanction . . . ." This too is inaccurate for several reasons. First, while the May 18th letter indicated that the trial court granted the motion to quash, the latter was actually heard in open court on August 25, 2006.[2] Additionally, the parties appeared

---

[2]By that time, an amended motion to quash the same deposition had been filed by Schooling. It, however, included a request for sanctions.

5

through their respective attorneys, and the Fuenteses said nothing about being denied a hearing before the May 18th letter was sent. Having received from the trial court what they tell us was denied them, we find little merit to their complaint. The same is true regarding the allegation about the trial court inducing the movant to initiate further proceedings. The irony inherent in the Fuenteses accusing their opponent's counsel of what their own attorney did is not lost on us.[3] Nonetheless, we perused the record and uncovered no evidence of the trial court contacting defense counsel about the prospect of obtaining sanctions. Nor did we find where the Fuenteses objected below to the supposed contact. Thus, the matter was not preserved even if it occurred. TEX. R. APP. P. 33.1 (requiring a contemporaneous objection followed by ruling to preserve a complaint for review).

Fourth, we also reject the allegation that the trial court abused its discretion in levying sanctions because the amended motion to quash lacked a certificate of conference. This is so for several reasons. First, we note that many of the Fuenteses' own motions and requests regarding the continuation of discovery also lacked the certificate in question; so, we are a bit hesitant to enforce against their opponent rules which the Fuenteses themselves breached. Second, the matter of the missing certificate was not broached until after the trial court held the August 25th hearing and executed its order levying sanctions; thus, the complaint was untimely and waived. TEX. R. APP. P. 33.1 (requiring a contemporaneous objection). Third, rules requiring certificates of conference are for the trial court's benefit; thus, they may be enforced at the option of the trial court.

---

[3]The irony about which we speak is that arising from counsel for the Fuenteses journeying to the courthouse to speak with the trial judge *ex parte* and then complaining about his adversary supposedly engaging in an *ex parte* communication with the court.

6

*Tjernagel v. Roberts,* 928 S.W.2d 297, 300-301 (Tex. App.–Amarillo 1996, no writ).[4]  So, we cannot fault the trial court for opting not to enforce it.

*Issues 6 & 7 - Refusal to Modify Discovery Control Plan and "Freezing" of Discovery*

Through issues six and seven, the Fuenteses claim that the trial court erred in refusing to grant their motion to modify the discovery control plan in light of their purported need for the driving records of Schooling and medical authorizations.  We overrule the issues.

There are some instances wherein the trial court must modify a discovery control plan.  They arise when 1) the interests of justice demand it, 2) new, amended, or supplemental pleadings are filed or new information is disclosed in a discovery response, and 3) matters have materially changed after the discovery deadline lapsed and the trial is scheduled for more than three months after the deadline.  TEX. R. CIV. P. 190.5(a) & (b).  Here, the Fuenteses do not contend that anything materially changed after the deadline lapsed or that new discovery responses or pleadings called for additional discovery.  Rather, they suggest that such was mandated due to the interests of justice.  Yet, they posited no reason explaining why they waited until after the deadline lapsed to pursue the discovery in question.  Nor could they reveal to the trial court when they received the driving information they later believed was deficient and whether they could have obtained the additional data before the deadline had they acted with diligence.  And, as for the medical authorizations, the Fuenteses assert that same was needed to insulate them from

---

[4]In *Tjernagel,* we distinguished the opinion cited to us by the Fuenteses, that opinion being *United Servs. Auto. Ass'n v. Thomas*, 893 S.W.2d 628 (Tex. App.–Corpus Christi, 1994, writ denied).  Reversal was appropriate in *United* because the trial court placed the burden to confer on the wrong party, and that evinced an abuse of discretion.  *Tjernagel v. Roberts*, 928 S.W.2d 297, 300-301 n.5 (Tex. App.–Amarillo 1996, no writ).  No such situation arose here.

purported "HIPAA" violations. Yet, they do not explain how they were exposed to such violations without obtaining the authorization. Nor do they cite us to any authority suggesting that an authorization was or is needed to avoid "HIPAA" entanglements. Given these circumstances, the Fuenteses fell short of establishing that the interests of justice warranted the reopening of discovery, especially when their intent was to gather information which may have been available to them long before discovery actually ended. *See Joe v. Two Thirty Nine J.V.,* 145 S.W.3d 150, 161 (Tex. 2004) (stating that the length of time the case has been on file and the exercise of due diligence in obtaining the discovery sought are two factors the trial court may consider in determining whether to grant a motion for continuance in order to conduct further discovery). So, we cannot say that the trial court abused its discretion in refusing to grant the motion in question. *See Brown v. Brown,* 145 S.W.3d 745, 750 (Tex. App.–Dallas 2004, pet. denied) (holding that the decision to grant further discovery lies within the trial court's discretion).

*Issue 9 - Motion for Order Allowing Examination of Record*

Finally, the Fuenteses contend that the trial court erred in refusing to set for hearing their motion requesting access to the audiotape of the August 25, 2006 hearing "[d]ue to questions . . . concerning the accuracy of one part of such transcript." We overrule the complaint for several reasons.

First, they failed to identify those matters in the written transcript which they believed to be inaccurate. So, we have no idea about the relevance, if any, of those purported inaccuracies. Second, nor did the Fuenteses explain how those supposed inaccuracies were material or in any way harmful to their cause. This is of import since we cannot

8

reverse a judgment without proof of harm. TEX. R. APP. P. 44.1(a); *Hong Kong Development, Inc. v. Nguyen,* 229 S.W.3d 415, 443 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Third, we were not cited to any evidence of record illustrating that they brought the motion to the trial court's attention; nor did we uncover any. Simply asking the clerk to do so is not enough for the clerk is not the agent or employee of the court. *See In re Davidson,* 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding). And, we have trouble faulting the trial court for omitting to act when it may not have known of the need for action. Finally, we know of no authority requiring the trial court to release audio tapes of a hearing to a party merely because the party may want them; if same existed, it was the Fuenteses' burden to cite us to it. *Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied) (holding that the appellant must cite authority in support of its argument).

Accordingly, we modify the trial court's judgment to award Olga Fuentes $1250 against Andrea Schooling, instead of $830.80 and affirm the judgment as modified.


Brian Quinn
Chief Justice

9