

# NUMBER 13-12-00329-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PIPER AIRCRAFT, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

Relator, Piper Aircraft Inc. ("Piper"), filed a petition for writ of mandamus and a motion for immediate temporary relief in this cause on May 15, 2012. By way of this original proceeding, Piper seeks to compel the trial court to vacate an order imposing monetary sanctions against Piper and ordering, "as a further sanction," that Piper's traditional and no-evidence motions for summary judgment are denied. The Court granted the motion for immediate temporary relief, thereby staying the sanction order,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and requested that the real parties in interest, Jorge Luna Valdez, OGS International Aircraft Services, LLC, and Construcciones y Arrendamientos Industriales, S.A.de C.V., file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.10. The real parties in interest have now filed their response to the petition for writ of mandamus and have further filed a supplemental mandamus record and a motion for sanctions against Piper.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, LP, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A party has an adequate remedy by appeal when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *see also In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances and is better guided by general principles than simple rules. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. An appeal is inadequate when the parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of

2

the appellate record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The imposition of monetary sanctions is generally reviewable on appeal from a final judgment. *See In re Onstad*, 20 S.W.3d 731, 732–33 (Tex. App.—Texarkana 2000, orig. proceeding); *Tjernagel v. Roberts*, 928 S.W.2d 297, 303 (Tex. App.—Amarillo 1996, orig. proceeding); *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736 (Tex. App.—Dallas 1993, orig. proceeding); *Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex. App.—Dallas 1992, orig. proceeding). Accordingly, monetary sanctions are not ordinarily subject to mandamus review. *See Braden v. Downey*, 811 S.W.2d 922, 928 (Tex. 1991); *In re Michele Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Onstad*, 20 S.W.3d at 732–33; *In re Lavernia Nursing Facility*, 12 S.W.3d 566, 571–72 (Tex. App.—San Antonio 1999, orig. proceeding); *In re McCall*, 967 S.W.2d 934, 939 (Tex. App.—Corpus Christi 1998, orig. proceeding) (op. on reh'g); *see also In re Christus Health*, 276 S.W.3d 708, 710 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

However, where monetary sanctions threaten the party's willingness or ability to continue the litigation, a remedy by appeal is inadequate. *See Braden,* 811 S.W.2d at 929; *In re Onstad*, 20 S.W.3d at 732–33; *In re Lavernia Nursing Facility*, 12 S.W.3d at 571–72. If a litigant contends that a monetary sanction precludes that party's access to the court, the trial court must either provide that the sanction is payable only at a date that

3

coincides with, or follows entry of a final order terminating the litigation, or make express written findings, after a hearing, as to why the award does not have such a preclusive effect. *Braden,* 811 S.W.2d at 929; *In re Michele Le,* 335 S.W.3d at 814; *In re Onstad*, 20 S.W.3d at 732–33; *In re Lavernia Nursing Facility*, 12 S.W.3d at 571–72.

In this case, the trial court has neither provided that the sanction is payable only post-litigation, nor has it explained how the sanction does not impact Piper's ability to continue the litigation. We do not further examine this issue; however, because Piper has never claimed, either before this Court or the trial court, that the monetary sanction threatens its willingness or ability to continue the litigation, or that it is unable to pay the sanction.

Moreover, to the extent that Piper argues that the trial court abused its discretion by denying its motions for summary judgment, we note that "mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008) (orig. proceeding). This rule is premised on the concept that the erroneous denial of a motion for summary judgment does not typically result in multiple trials in the same case. *Id.; see In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding) (concluding that extraordinary circumstances merited granting mandamus relief for the erroneous denial of a motion for summary judgment where relator "endured one trial in a forum that lacked jurisdiction . . . and is facing a second trial on a claim that we have just held to be barred by limitations").

The Court, having examined and fully considered the petition for writ of mandamus

and the applicable law, is of the opinion that Piper has not met its burden to obtain mandamus relief.   *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we LIFT the stay previously imposed in this case and we DENY the petition for writ of mandamus.   See TEX. R. APP. P. 52.8(a).

We have carefully considered the motion for sanctions filed against Piper by the real parties in interest.   The motion, as it pertains to this original proceeding, is DENIED. We are confident that the trial court will take any steps deemed necessary to ensure that the parties and their counsel strictly comply with their ethical and professional obligations in further proceedings below.

PER CURIAM

Delivered and filed the
23rd day of May, 2012.

5